CHAD A. READLER
Acting Assistant Attorney General
ANTHONY J. COPPOLINO
Deputy Branch Director
EMILY NEWTON (Va. Bar No. 80745)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Tel. (202) 305-8356/Fax (202) 616-8470
emily.s.newton@usdoj.gov

*Counsel for Defendants*

Note Changes Made By the Court

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSE INTERNATIONAL, INC., <br><br> Plaintiff, <br> v. <br><br> REX W. TILLERSON, Secretary of State of the United States, *et al.*, <br><br> Defendants.[1] | Case No. SACV 14-00534-CJC (JPRx) <br><br> **PROTECTIVE ORDER** |

Upon consideration of the parties' joint stipulation for entry of a Protective Order, and pursuant to Federal Rule of Civil Procedure 26(c), it is hereby **ORDERED** that:

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Rex W. Tillerson is being substituted as the successor to John F. Kerry as Secretary of State of the United States. The position of Deputy Assistant Secretary of State for Private Sector Exchange is currently vacant, as Keri M. Lowry resigned January 20, 2017.

1. This Order shall govern the disclosure, handling, and use of the following documents in this case, hereinafter referred to as "Protected Information":

    a. The document dated February 17, 2012, and entitled "Record of Interview – DS Case # VF-2012-50036 Noriko AMARI, J-1 Visa Fraud," setting forth the record of a telephone interview of Ms. Amari (with Tomoko Hayama, Bow Mun Chin, and Edward Choi, identified respectively as Ms. Amari's translator, attorney, and friend) conducted on February 16, 2012, at the Bureau of Diplomatic Security's ("DS") Honolulu Resident Office, during which State Department representatives from the DS Victims' Advocacy Program, DS Criminal Fraud Investigations Branch, DS Honolulu Resident Office, Office of Consular Fraud Prevention Programs, Bureau of East Asian and Pacific Affairs, and Bureau of Educational and Cultural Affairs ("ECA"), as well as a translator, participated, and consisting of two type-written pages; and

    b. The document containing the typed and hand-written notes memorializing the same telephone interview of Ms. Amari on February 16, 2012, taken down by the ECA Representative who participated in the interview and consisting of nine pages.

2. All information derived from Protected Information, even if incorporated into another document or compilation or referred to in testimony, shall be treated as Protected Information.

3. Before production, a producing party shall mark Protected Information with "PRODUCED SUBJECT TO PROTECTIVE ORDER," "SUBJECT TO PROTECTIVE ORDER," or a similar marking.

4. Except as provided in Paragraph 5, no person who obtains access to Protected Information pursuant to this Order shall disclose these documents or that information without either the prior, express, written consent of the producing party or its counsel, or further order of the Court.

5. Counsel for the parties may disclose Protected Information only to (a) the attorneys of record for the parties; (b) associates and staff of the attorneys of record for the parties, but only to the extent necessary to perform their duties; (c) Defendants and their employees; (d) experts and witnesses; and (e) Plaintiff and its employees.

6. Before Plaintiff's counsel discloses Protected Information to any person listed in Paragraph 5, that person must be provided with a copy of this Order, and must sign a copy of the Acknowledgment and Consent form attached hereto (Exhibit A).  Plaintiff's counsel shall retain copies of the signed Acknowledgment and Consent forms in their litigation files and shall make them available to Defendants' counsel upon request.

7. If Protected Information is disclosed to any person not listed in Paragraph 5, upon learning of such disclosure Plaintiff's counsel must promptly (a) inform Defendants of the disclosure, including the surrounding facts and circumstances; and (b) request the return or destruction of the Protected Information and seek to minimize any further unauthorized disclosure.

8. Any person to whom Plaintiff's counsel discloses Protected Information shall return to Plaintiff's counsel (or destroy, and certify such destruction in writing to Plaintiff's counsel) all such materials and any copies thereof upon termination of this civil action and any appeals thereof, or when they are no longer assigned or retained to work on this case, whichever comes first.

9. Before filing a document containing Protected Information, a party shall move for leave to file the document under seal pursuant to Local Rule 79-5.2. If leave is denied, the parties shall confer to discuss procedures necessary to

prevent the disclosure of the Protected Information. Prior to using any Protected Information in open court, counsel for the parties shall confer to discuss procedures necessary to prevent the disclosure of that information.

10. Nothing in this Order shall be construed to limit the right of either party to introduce Protected Information into evidence, subject to the Federal Rules of Civil Procedure, Federal Rules of Evidence, applicable statutes or regulations, this Court's local rules, and this Protective Order.

11. This Order shall continue to be binding after the final termination of this litigation. Within 60 days after the termination of this civil action and any appeals thereof, all Protected Information and any copies thereof—including documents created by Plaintiff or its counsel, or anyone working on their behalf—shall be returned to Defendants or their counsel or destroyed, except for court filings retained by Plaintiff's counsel as part of their litigation files, which shall remain subject to the terms of this Order. Within 60 days after the termination of this civil action and any appeals thereof, Plaintiff's counsel will certify to Defendants' counsel that all such material has been returned or destroyed.

12. This Order does not constitute a ruling on the question whether any particular document is confidential and does not constitute a ruling on any potential objection to the asserted confidentiality of any record. Any party may move under Local Rule 37 to lift the protection provided by this order on particular documents or information, but the documents or information shall remain protected under the terms of this order until the Court rules on the motion.

13. Each party reserves the right to seek to modify the terms of this Order at any time, and each party reserves the right to oppose any motion to modify the terms of this Order.

**SO ORDERED**.

Dated: March 20, 2017

_____

The Honorable Jean P. Rosenbluth
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28